PROB 12C
(REVISED 5/2011)

# United States District Court
for
Middle District of Tennessee

## 7th Superseding Petition for Summons for Offender Under Supervision
[Supersedes Petition Filed as Docket Entry No. 270]

Name of Offender: <u>Bernard Stanton</u>  Case Number: <u>3:12-00018-01</u>

Name of Sentencing Judicial Officer: <u>Honorable Aleta A. Trauger, U.S. District Judge</u>

Date of Original Sentence: <u>November 15, 2012</u>

Original Offense: <u>18 U.S.C. §§ 1343 and 2, Wire Fraud and 18 U.S.C. § § 1344 and 2, Bank Fraud</u>

Original Sentence: <u>38 months' custody and 3 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>  Date Supervision Commenced: <u>November 7, 2014</u>

Assistant U.S. Attorney: <u>Sandra Moses</u>  Defense Attorney: <u>Isaiah S. Gant</u>

---

**PETITIONING THE COURT**

\_\_\_ To issue a Summons.
\_\_\_ To issue a Warrant.
_X_ To Consider Additional Violations/Information

---

THE COURT ORDERS:
☐ No Action
☐ The Issuance of a Warrant
    ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons
☒ The Consideration of Additional Alleged Violation/Information
☐ Other

Considered this 25th day of Aug., 2016,
and made a part of the records in the above case.

_____
Aleta A. Trauger
U.S. District Judge

I declare under penalty of perjury that
the foregoing is true and correct.
Respectfully submitted,

_____
Zachary Johnson
U.S. Probation Officer

Place    Nashville, Tennessee

Date    August 25, 2016

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry **No. 270**, has been amended as follows:

**Violation No. 2-has been amended to add an additional positive and negative drug test.**

The probation officer believes that the offender has violated the following conditions of supervision:

**Violation No.   Nature of Noncompliance**

1.  **The defendant shall pay restitution to the victim, Wal-Mart, an amount totaling $692,226.34. Should there be an unpaid balance when supervision commences, the defendant shall pay the remaining restitution at a minimum monthly rate of 10 percent of the defendant's gross monthly income.**

    Mr. Stanton has failed to make restitution payments since February 2015. Mr. Stanton made a $15 payment on his restitution on May 27, 2016.

2.  **The defendant shall refrain from any unlawful use of a controlled substance.**

    On February 17, and March 21, 2016, Mr. Stanton tested positive for marijuana. On April 7, 2016, Mr. Stanton admitted to using marijuana and cocaine on April 5, 2016. On April 18, 2016, Mr. Stanton tested positive for marijuana. On April 27, 2016, the offender tested positive for marijuana. On May 6, 2016, the offender tested positive for marijuana. On May 27, 2016, Mr. Stanton tested negative for all illicit substances. He did admit to taking an unidentified benzodiazepine, believed to be an old risperdal prescription. Mr. Stanton tested positive for cocaine on June 22, 2016, and admitted to use on Sunday, June 19, 2016. **On August 19, 2016, the offender tested positive for cocaine, he denied drug use. On August 24, 2016, Mr. Stanton submitted to a drug test yielding negative results.**

3.  **The defendant shall participate in a program of drug testing and substance abuse treatment.**

    On March 17, 2016, Mr. Stanton failed to report for drug testing as instructed. Mr. Stanton failed to report for drug testing on June 10, 2016. Mr. Stanton failed to report for drug testing on June 20, 2016. Mr. Stanton called and notified this officer that he would attempt to report to the office prior to close of business, however he was unable to do so. The offender was directed to report to provide a urinalysis sample the following day.

4.  **The defendant shall participate in a program of drug testing and substance abuse treatment.**

    On March 9, and March 23, 2016, Mr. Stanton failed to report for substance abuse treatment at Centerstone Mental Health as directed. On April 20, 2016, the offender failed to report for substance abuse treatment. On May 26, 2016, Mr. Stanton reported late to Samaritan Recovery for his inpatient substance abuse assessment. As such, Mr. Stanton was rescheduled for the assessment for June 23, 2016, at 2:00 P.M. On June 8, 2016, the offender failed to report for treatment.

5.  **The defendant shall not commit another federal, state or local crime.**

   On May 10, 2016, Mr. Stanton was stopped by Nashville Metropolitan Police Department and was cited for Driving on a Suspended License. This is Mr. Stanton's second citation for the same violation. Mr. Stanton appeared for booking on June 1, 2016, and has a Court date of August 2, 2016.

6.  **The defendant shall not commit another federal, state or local crime.**

   On May 29, 2016, Mr. Stanton was arrested by Nashville Metropolitan Police Department for Shoplifting at Wal-Mart. The offender was taken into custody and posted bail in the amount of $200. He is to appear in Court on June 30, 2016.

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Stanton began supervised release on November 7, 2014. Mr. Stanton is scheduled to terminate supervised release on November 6, 2017.

On December 2, 2014, a report requesting no action was submitted to the Court reporting that Mr. Stanton tested positive for the use of illegal drugs on four occasions, was charged with Driving on a Suspended License on November 12, 2014, failed to notify the probation officer of law enforcement contact within 72 hours, and had association with a convicted felon without the permission of the probation officer. No action was ordered by the Court.

As a result of the positive drug tests, Mr. Stanton was referred for a substance abuse assessment on November 25, 2014. The assessment was completed on January 16, 2015, and Mr. Stanton was recommended to participate in substance abuse and mental health treatment. In February 2015, paperwork was submitted to the treatment provider authorizing the recommended substance abuse and mental health treatment programs.

On March 11, 2015, an additional report requesting no action was submitted to the Court reporting that Mr. Stanton tested positive for the use of marijuana on two occasions, was issued a second citation for Driving on a Suspended License, and failed to pay restitution as ordered. No action was ordered at that time.

On May 26, 2015, a petition requesting a warrant was submitted to the Court to report that Mr. Stanton repetitively tested positive for illegal drugs, failed to report for drug testing, failed to report for substance abuse treatment, was charged with Driving on a Suspended License, and failed to pay restitution as ordered.

A warrant was issued by Your Honor and Mr. Stanton was arrested on May 29, 2015. On June 3, 2015, Mr. Stanton was ordered to remain in custody until the revocation hearing.

On July 1, 2015, a revocation hearing was held before Your Honor. An agreement was proposed to Your Honor for Mr. Stanton to participate in an inpatient substance abuse treatment program and if he successfully completed the program, the petition would be dismissed. The revocation hearing was continued until September 9, 2015, to allow Mr. Stanton an opportunity to participate in inpatient substance abuse treatment.

On September 9, 2015, a revocation hearing was held before Your Honor. The Court was advised that Mr. Stanton successfully completed inpatient substance abuse treatment at Lloyd C. Elam Mental Health Center (Elam). The petition was dismissed as a result of the successful completion. Mr. Stanton was ordered to be released from custody immediately.

In September 2015, Mr. Stanton was again referred to Centerstone for mental health treatment. He agreed to participate in substance abuse treatment at Elam. Mr. Stanton was scheduled to begin Intensive

Outpatient Treatment with Elam in September 2015 but did not begin the program as his work schedule conflicted with the treatment program. In November 2015, Mr. Stanton was referred to Centerstone for substance abuse treatment in addition to mental health treatment. Mr. Stanton has minimally participated in mental health treatment but has consistently participated in substance abuse treatment at Centerstone on a weekly basis. Recently, Mr. Stanton was referred by his primary counselor Eric Esters to Phase II treatment, which is a lower level of treatment. This was denied by the probation office due to the

February 17, 2016, positive drug screen.

On March 3, 2016, a report was submitted to the Court for Mr. Stanton's previous non-compliance with drug use and failing to make restitution payments. On March 7, 2016, Your Honor ordered no action.

On March 23, 2016, Centerstone requested that Mr. Stanton be referred to Phase II treatment, this was again denied by probation due his most recent positive drug test. The offender failed to report for substance abuse treatment on March 9, and March 23, 2016. Mr. Stanton's primary Counselor, Eric Esters, reported that the offender's attendance is unsatisfactory and his progress is minimal as he is dishonest in group treatment.

Since his release from custody in September 2015, Mr. Stanton has tested negative for illegal drugs on 22 occasions.

On March 23, 2016, an unannounced home contact was conducted with Mr. Stanton by the undersigned officer and U.S. Probation Officer Michael Wilson. Mr. Stanton was again directed to make monthly restitution payments on his restitution. Mr. Stanton advised that he had made a $20 payment. This officer questioned Mr. Stanton regarding further drug use, and Mr. Stanton denied any use. Mr. Stanton relayed that he is working at a new location but was unable to recall the exact address. This officer directed Mr. Stanton to provide this information by close of business on this date. Mr. Stanton failed to follow this directive.

On March 23, 2016, Mr. Stanton's March 21, 2016, urinalysis sample was confirmed positive by Alere Laboratory for marijuana.

On March 24, 2016, a report was submitted to the Court reporting that Mr. Stanton tested positive for an illegal drug and has not made restitution payments as required. Your Honor ordered that no action be taken.

On April 7, 2016, Mr. Staton admitted to using marijuana and cocaine together on April 5, 2016. The offender relayed to the undersigned officer that he had lost his employment at Aarons.

Mr. Stanton has been repetitively instructed to make restitution payments. He reports that he must financially assist with various bills at his family's residence. His case has been referred to the Financial Litigation Unit in the U.S. Attorney's Office.

A petition was submitted to the Court on April 18, 2016, reporting that Mr. Stanton had failed to pay restitution, failed to report for drug testing and treatment, and tested positive for a controlled substance. On April 18, 2016, Your Honor issued a summons in order for Mr. Stanton to be brought before the Court to answer to the alleged violations of supervised release.

On April 18, 2016, Mr. Stanton tested positive for marijuana at the probation office. On April 20, 2016, the offender failed to report to Centerstone for substance abuse treatment.

On April 21, 2016, Mr. Stanton was served the summons and appeared before U.S. Magistrate Judge Barbara D. Holmes for his Initial Appearance. The offender was released on his previously imposed

conditions of supervised release, as we await a date for a revocation hearing.

The offender reports that he is currently working one day assignments with temporary job agencies in the Nashville area. He resides with his family in Nashville, Tennessee.

On April 26, 2016, a report was submitted to the Court reporting that Mr. Stanton tested positive for marijuana and failed to appear for substance abuse treatment. The Court considered the additional violations/information.

On April 27, 2016, Mr. Stanton tested positive for marijuana.

On May 2, 2016, a report was submitted to the Court reporting that the offender tested positive for marijuana. The Court considered the additional violations./information.

On May 6, 2016, Mr. Stanton tested positive for marijuana. The level of marijuana present in the offender's urine sample was requested from the laboratory. An opinion letter was received from Alere which determined that Mr. Stanton had reused marijuana after the April 27, 2016, test and prior to the urinalysis sample collected on May 6, 2016.

On May 6, 2016, the offender was present for his revocation hearing before Your Honor. Your Honor ordered that Mr. Stanton return to Court on Friday, May 13, 2016, at 4:00 P.M. Mr. Stanton advised the Court that he is attempting to secure employment at Ingraham's.

On May 9, 2016, this officer was advised that Mr. Stanton was able to secure a position with Ingraham's and he would start Thursday, May 12, 2016. This officer directed Mr. Stanton to provide a letter from the employer to verify his employment. Mr. Stanton provided a letter from Wood Personnel verifying his employment.

On May 10, 2016, this officer received an automated law enforcement contact message stating that the offender had police contact in the Nashville area. The undersigned officer contacted Mr. Stanton telephonically and he reported that he was cited for Driving on a Suspended License. The offender is required to report by June 1, 2016, for booking. This officer confirmed the charge and determined that this is the second instance that the offender has been cited for this violation.

On May 11, 2016, a report was submitted to the Court reporting that the offender tested positive for marijuana and was cited for Driving on a Suspended License. The Court considered the additional violations/information.

On May 13, 2016, Your Honor continued Mr. Stanton's revocation hearing to May 20, 2016, in order to monitor the offender's progress.

On May 20, 2016, Your Honor continued Mr. Stanton's revocation hearing to May 31, 2016. The offender submitted a negative urinalysis sample this day and has remained complaint with conditions of supervised release.

On May 26, 2016, this officer contacted Samaritan Recovery to inquire when Mr. Stanton's assessment was scheduled and a time frame on when a treatment recommendation would be received. This officer was advised by Katie Hall that the offender had called and cancelled his appointment for May 26, and was rescheduled for June 23, 2016. This officer contacted Mr. Stanton telephonically and was informed that Mr. Stanton called Samaritan Recovery and was advised that if he was late for the appointment he would be rescheduled. Mr. Stanton was unable to make his assessment appointment at 2:00 P.M. on May 26, 2016, citing that he was unable to leave work early as he had not finished his work quota.

On May 27, 2016, Mr. Stanton made a $15 payment on his restitution balance.

On May 27, 2016, the offender submitted to a urinalysis sample that yielded negative results. Mr. Stanton did admit to using an old prescription from the Bureau of Prisons. The offender was under the impression that the pill was a risperdal. This officer directed Mr. Stanton not to take any medication that he is unsure of and that is not prescribed to him.

On May 29, 2016, Mr. Stanton was arrested by Nashville Metropolitan Police Department at Wal-Mart and he was charged with shoplifting. Mr. Stanton was ineligible for a citation as he had multiple prior failures to appear. The offender posted bail of $200, and is scheduled for Court to resolve the matter on June 30, 2016. This officer attempted to contact Mr. Stanton on May 29, 2016, but was unable to establish contact with him. This officer successfully established contact with the offender on May 30, 2016. Mr. Stanton was truthful regarding this alleged incident. This officer reprimanded the offender for being at Wal-Mart and for his careless behavior.

On May 31, 2016, Your Honor continued Mr. Stanton's revocation hearing to July 1, 2016, in order for Mr. Stanton to attend his assessment at Samaritan Recovery and to attend Court for his shoplifting allegation.

On June 6, 2016, Mr. Stanton failed to report for drug testing as directed. The undersigned officer left a voicemail message for the offender directing him to report the following day. Mr. Stanton reported to the office on June 7, 2016, and submitted to a urinalysis that was negative for all illicit substances. This officer reprimanded the offender for not reporting as directed. Mr. Stanton advised that he had to utilize public transportation and was unable to report to the probation office before the close of business.

On June 8, 2016, Mr. Stanton failed to report for substance abuse treatment at Centerstone Mental Health as directed. The treatment provider advised this officer that Mr. Stanton called to notify that he would be late on his arrival to treatment, however, he failed to report. This officer left a voicemail message for Mr. Stanton to call this officer back to discuss why he failed to report. The offender failed to contact the undersigned officer.

A report was submitted to the Court reporting additional information and that Mr. Stanton had incurred additional violations of supervised release. On June 9, 2016, Your Honor ordered that the additional violation/information would be considered at the revocation hearing.

On June 10, 2016, the undersigned officer contacted the offender telephonically directing him to report to the office prior to close of business to submit to a drug screen. The offender acknowledged understanding. Mr. Stanton failed to report to the office and he failed to contact this officer.

On June 14, 2016, this officer conducted an unannounced home contact at the address of Mr. Stanton. The offender was verbally reprimanded for his non-compliance with failing to report for substance abuse treatment and for failing to report to the office to submit to a drug screen. This officer stressed the importance of maintaining full compliance with his conditions of release. Mr. Stanton was advised that he needs to demonstrate more responsibility as his non-compliance is accumulating while he is in revocation status. There was no evidence of contraband observed in the home during a walk through.

A report was submitted to the Court on June 16, 2016, reporting that Mr. Stanton had failed to report for drug testing and drug treatment as directed. The Court ordered that the additional violations/information be considered at Mr. Stanton's revocation hearing.

On June 19, 2016, Mr. Stanton called and notified this officer that he had the day off from work on June 20, 2016, and he was aware that he was scheduled for a drug test that day. The offender allegedly had to perform community service on June 20, 2016, for a prior local sanction. As such, Mr. Stanton stated that

he would attempt to report prior to the close of business. This officer received a call from Mr. Stanton on June 20, 2016, and he advised that he was on his way to report for his drug test. Mr. Stanton failed to report to the office prior to close of business. Mr. Stanton was directed to report to the office on June 21, 2016, and submit to a drug test. Mr. Stanton reported to the office at approximately 9:30 A.M. The offender was require d to submit five urinalysis samples in order to obtain a valid specimen. The offender denied new drug use through out the office visit. Mr. Stanton was able to provide a valid specimen and at that time he admitted to using a "dime's worth of cocaine."

On June 22, 2016, this officer verbally reprimanded Mr. Stanton for again using cocaine while he is in revocation status. The offender stated that he had a "stressful day on Sunday: and used. Mr. Stanton was directed to report to his assessment for inpatient treatment at Samaritan Recovery on June 23, 2016, and sign a release of information. The offender acknowledged understanding.

On June 23, 2016, this officer spoke with Samaritan Recovery and advised that Mr. Stanton reported for his assessment and was deemed appropriate for inpatient substance abuse treatment. Mr. Stanton has an admission date of July 11, 2016, for twenty-eight (28) days.

**On June 23, 2016, a report was submitted to the Court reporting that Mr. Stanton had tested positive for cocaine. Your Honor ordered that the additional violations/information be considered at Mr. Stanton's revocation hearing.**

**On July 1, 2016, Your Honor ordered that Mr. Stanton be able to attend the 28 day inpatient program at Samaritan Recovery, and the revocation hearing was rescheduled for August 15, 2016.**

**Mr. Stanton successfully completed the 28 day inpatient program at Samaritan Recovery spanning July 11, to August 7, 2016. This officer conducted contacts on two occasions with the offender at the facility. Mr. Stanton was drug tested while he was at the facility by this officer and he was negative for all illicit substances. Upon his discharge from Samaritan Recovery, Mr. Stanton was drug tested again at the probation office on August 8, 2016, the test yielded negative results.**

**On August 15, 2016, Mr. Stanton's revocation hearing was continued by Your Honor to October 28, 2016.**

**On August 19, 2016, Mr. Stanton reported to the probation office to submit to a drug test. The offender tested positive for cocaine, he denied drug use. On August 24, 2016, Mr. Stanton submitted to a drug test which yielded negative results. Mr. Stanton made a $10 payment towards his restitution balance on this date.**

**Mr. Stanton has been afforded the opportunity to continue his employment with Ingraham's, working first shift. Mr. Stanton re-commenced his employment on August 23, 2016.**

<u>Update of Offender Characteristics:</u>

There is no additional information relevant to this section that has not been provided in this petition.

## U.S. Probation Officer Recommendation:

It is respectfully requested that the additional violations/information be considered at Mr. Stanton's revocation hearing. Your Honor has provided Mr. Stanton with every opportunity to address his substance abuse issue with inpatient treatment on two occasions. Mr. Stanton is unwilling or unable to stop indulging in illicit drug use even when he has been provided ongoing treatment at the highest level. The U.S. Attorney's Office concurs with this recommendation.

Approved: _____
Donna Jackson
Supervisory U.S. Probation Officer

SENTENCING RECOMMENDATION
UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
UNITED STATES V. BERNARD STANTON, CASE NO. 3:120018-01

GRADE OF VIOLATION: C
CRIMINAL HISTORY: I

ORIGINAL OFFENSE DATE: POST APRIL 3, 2003  PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 3 years (Class B felony) 18 U.S.C. § 3583(e)(3) | 3-9 months U.S.S.G. § 7B1.4(a) | 9 months |
| SUPERVISED RELEASE: | 5 years less any term of imprisonment 18 U.S.C. § 3583(h) | 2-5 years U.S.S.G. § 5D1.2(a)(1) | None |

18 U.S.C. § 3583(e)(3) The Court may revoke a term of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Pursuant to *U.S.S.G. § 7B1.3(a)(2)*, upon finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Respectfully Submitted

_[signature]_
Zachary Johnson
U. S. Probation Officer

Approved: _[signature]_
Donna Jackson
Supervisory U. S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** Bernard Stanton

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:12CR00018 - 1

3. **District/Office** Middle District of Tennessee/Nashville

4. **Original Sentence Date** 11 / 15 / 2012
                               month  day  year

5. **Original District/Office**
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)*

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| Failure to Pay Restitution | C |
| Refrain from unlawful use of controlled substance | C |
| Participate in drug testing program | C |
| Participate in drug treatment | C |
| Shall not commit another federal, state or local crime | C |
| Shall not commit another federal, state or local crime | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*    C

9. **Criminal History Category** *(see §7B1.4(a))*    I

10. **Range of Imprisonment** *(see §7B1.4(a))*    3-9 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☒ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

Defendant  Bernard Stanton

12. **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

Restitution($) $679,228.85                Community Confinement _____

Fine($) _____                           Home Detention _____

Other _____                             Intermittent Confinement _____

13. **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

Term: _____ to _____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

Period of supervised release to be served following release from imprisonment: 2-5 years less any

14. **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days